IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GIONNI CARR, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:16-cv-00002 |
| METROPOLITAN GOVERNMENT OF | ) JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON | ) MAGISTRATE JUDGE |
| COUNTY, TENNESSEE | ) HOLMES |
| Defendant. | ) |

**MEMORANDUM**

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 59). Plaintiff filed a Response in Opposition (Doc. No. 69) and Defendant filed a Reply. (Doc. No. 75). For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

**I.  FACTUAL BACKGROUND**

Plaintiff Gionni Carr alleges Title VII claims of gender discrimination, hostile work environment, and retaliation against Defendant Metropolitan Government of Nashville and Davidson County. (Doc. No. 1). Plaintiff was formerly employed by Defendant at Margaret Allen Middle Prep ("MAMP") as a sixth grade math and science teacher for the 2014-2015 school year. (*Id.*). During the relevant time period, Kisha Stinson-Cox was MAMP's Principal, Monica Bryant was the Assistant Principal, and Evelyn Jones was the Numeracy/Data Coach and Plaintiff's direct supervisor. (*Id.*). Plaintiff alleges Defendant, through these three women, discriminated against him based on his gender, subjected him to continuous and pervasive harassment based on his gender, ignored Plaintiff's complaints about the harassment, and eventually terminated Plaintiff's

1

employment in furtherance of discrimination and in retaliation for Plaintiff seeking assistance from Defendant to resolve conflicts he had with Ms. Jones. (Doc. No. 1).

In response, Defendant argues Plaintiff's teaching contract was not renewed at the conclusion of the school year because his performance did not conform to expectations. (Doc. No. 70). Specifically, Defendant alleges Plaintiff: failed to meet a deadline to submit student achievement monitoring data; failed to submit a TCAP plan and receive Ms. Cox's approval of the plan; failed to comply with FMLA leave policy and failed to inform Ms. Cox that he required an extended absence from work; and abandoned his students during TCAP preparation. (*Id.*).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been

presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a) (1); *Benefield v. Mstreet Entertainment, LLC*, 197 F. Supp. 3d 990, 1001 (M.D. Tenn. Jul. 1, 2016). Plaintiff alleges that his termination at MAMP violated Title VII. Specifically, Plaintiff presents three related Title VII claims: (1) reverse-sex discrimination, (2) creation of a hostile work environment, and (3) retaliation.

#### A. Reverse-Sex Discrimination

Plaintiff claims Defendant discriminated against him because he is male.[1] To survive Defendant's motion for summary judgment, Plaintiff must provide either direct or circumstantial evidence of unlawful discrimination. *Simpson v. Vanderbilt Univ.*, 359 F. Appx. 562, 568 (6th Cir. 2009). Direct evidence requires that no inferences be made to conclude discrimination occurred. *Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 301 (6th Cir. 2016). Because Plaintiff has offered no direct evidence of discrimination, the *McDonnell Douglas* burden-shifting

---

[1] In his response to Defendant's Motion for Summary Judgment, Plaintiff argues for the first time that Defendant also discriminated against him based on race because he is a "black male." (Doc. No. 69). Because Plaintiff failed to allege racial discrimination in his EEOC charge or his Complaint, however, the Court will not consider any of Plaintiff's claims of discrimination based on race. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge.").

3

framework applies to Plaintiff's circumstantial evidence of unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff establishes a *prima facie* showing, the burden shifts to the defendant to prove a legitimate, non-discriminatory reason for the adverse action. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). If the defendant articulates such a reason, the burden then "shifts back to the plaintiff to show that the defendant's proffered reason is a pretext for unlawful discrimination." *Id.*

To establish a *prima facie* case of Title VII discrimination, Plaintiff must show: (1) he is a member of a protected class; (2) was qualified for the job or promotion sought; (3) experienced an adverse employment action; and (4) was replaced by someone outside of the protected class or was treated differently than similarly situated employees outside the protected class. *Simpson v. Vanderbilt Univ.*, 359 F. Appx. 562, 568 (6th Cir. 2009). Where a member of the majority group claims discrimination, however, the Sixth Circuit has modified the first and fourth prongs of the analysis. *Id.* To meet the first prong, Plaintiff must "demonstrate background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003). To meet the fourth prong, Plaintiff "must show that the defendant treated differently employees who were similarly situated but were not members of the protected class." *Id.* Despite these modifications, the Sixth Circuit has cautioned against "impermissibly impos[ing] a heightened pleading standard on majority victims of discrimination." *Simpson*, 359 Fed. Appx. at 569 (quoting *Zambetti v. Cuyahoga Community College*, 314 F.3d 249, 257 (6th Cir. 2002)).

Defendant argues Plaintiff cannot establish the first or fourth element of his *prima facie* case.

*1. **Background Circumstances***

Defendant first argues Plaintiff cannot establish background circumstances indicating Defendant is the unusual employer who discriminates against the majority. Although the Sixth Circuit has not developed a bright line test for what constitutes "background circumstances," courts within the Sixth Circuit consider factors such as: the sex of plaintiff's supervisor and the composition of the workplace, whether there exists a pattern or history of discriminatory treatment against the majority, and whether there is evidence of systematic preferential treatment of females over males by the employer. *Snyder v. Ohio Dep't of Rehab. & Correction*, 2016 WL 7852524, at *3 (S.D. Ohio July 19, 2016), aff'd, 702 F. App'x 341 (6th Cir. 2017) (citing *Hout v. City of Mansfield*, 50 F. Supp. 2d 701, 722 (N.D. Ohio 2008)).

In support of his argument that Defendant is the unusual employer who discriminates against the majority, Plaintiff alleges that Cox and Jones are female, and that while both have a reputation of bullying behavior, Plaintiff was treated worse than anyone else because he is male. (Doc. No. 69). Plaintiff alleges he was subjected to yelling, cursing, and unprofessional behavior by Cox and Jones. (*Id.*). Plaintiff contends that other females were not subject to Defendant's disciplinary guidelines – like he was – when they violated Defendant's policies. (*Id.*). Plaintiff additionally points to another male teacher, Jonathan Jackson, who he alleges suffered demeaning, betlittling, and hostile behavior from Ms. Jones during the 2016-17 school year, which he reported to Ms. Cox. (*Id.*).

In response, Defendant argues there is no showing that it has a history of discriminating against males. (Doc. No. 63). With respect to MAMP specifically, Defendant contends there were seven other male employees during Plaintiff's employment and none of them claimed they were discriminated against based on their sex. (*Id.*). With respect to Mr. Jackson, Defendant argues he

5

had a loud and disruptive conversation with Ms. Jones in the school hallway, Cox overheard the interaction and intervened, and Ms. Jones was disciplined by formal reprimand. (*Id.*). Defendant states Mr. Jackson left MAMP in September 2016 after being enrolled in a Conditional Apprentice Program at T.S.U. and that Defendant was unable to verify Mr. Jackson was enrolled in the program. (*Id.*).

Even viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to demonstrate sufficient background circumstances to support the suspicion that the defendant is the usual employer who discriminates against the majority. Although Plaintiff identifies Ms. Cox, Ms. Bryant, and Ms. Jones as females who he reported to, Plaintiff does not offer further evidence that the entire composition of MAMP was overwhelmingly female.[2] In fact, at least eight of the teachers for the 2014-15 school year were male. Additionally, Plaintiff has shown no pattern or history of discriminatory treatment by Defendant against males, nor any preferential treatment of females by Defendant. At the conclusion of the 2014-15 school year, four MAMP teachers were not renewed for the following school year: two males (including Plaintiff) and two females. At most, Plaintiff has demonstrated he experienced personal conflict with Ms. Cox, Ms. Bryant, and Ms. Jones that may have caused him to be treated less favorably than other colleagues. Such evidence, however, does not establish that Defendant is the unusual employer who discriminates against males. *See e.g., Nagel v. Husky Lima Refinery*, 2011 WL 1100237, at *8 (N.D. Ohio Mar. 23, 2011) (finding background circumstances did not exist where plaintiff could show defendant treated women better than *him* but not that defendant treated women better than *men*).

---

[2] The evidence presented to the Court involved teachers at MAMP as opposed to Defendant, presumably to show that the three individuals – all of whom worked at MAMP – discriminated against Plaintiff. Neither party, however, provides similar data for the entirety of Defendant. Because Plaintiff bears the burden of establishing his *prima facie* case, the Court is left only with MAMP information.

6

## 2. *Similarly Situated Employee*

Even if Plaintiff were able to establish background circumstances that Defendant is the usual employer who discriminates against the majority, Plaintiff still fails to demonstrate Defendant treated him differently than a similarly situated female employee.

To establish a *prima facie* case of gender discrimination, Plaintiff must show he was treated differently than employees who were similarly situated but not part of the protected class. *Simpson*, 359 Fed. App. at 569. To prevail, Plaintiff must identify at least one female who is "similarly situated [to him] in all respects." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). This female "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* "Differences in job title, responsibilities, experience, and work record can be used to determine whether two employees are similarly situated." *Leadbetter v. Gilley*, 385 F.3d 683, 691 (6th Cir. 2004).

Here, Plaintiff appears to allege that "all employees of MAMP" were similarly situated to him. (Doc. No. 69 at 14-16). Plaintiff argues: (1) while Ms. Jones may have yelled at all employees during the September 2014 training meeting, only Plaintiff was subjected to an additional meeting where he was demeaned and threatened; (2) female teachers were allowed to meet with Ms. Cox when they sought resolution of conflicts, but Plaintiff's request was denied; and (3) violative conduct by women under Ms. Cox's supervision was not reported or subject to disciplinary action, but Plaintiff was given a written reprimand when he was late in providing a TCAP plan. (*Id.*).

Plaintiff fails to identify any female who was similarly situated to him and treated differently by Defendant. Plaintiff's argument that "all employees of MAMP" were similarly situated to him is wholly inadequate and does not satisfy his burden. Accordingly, because Plaintiff

7

fails to satisfy the first and fourth elements of his *prima facie* case of reverse gender discrimination, Defendant's motion for summary judgment on this claim is **GRANTED**.

B. **Hostile Work Environment**

Plaintiff also claims he was subjected to a hostile work environment in violation of Title VII. To establish a *prima facie* case for a hostile work environment claim, Plaintiff must demonstrate: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive environment; and (5) his employer knew or should have known about the harassing conduct but failed to take corrective action. *Benefield v. Mstreet Entertainment*, LLC, 197 F. Supp. 3d 990, 1002 (M.D. Tenn. 2016). Harassing behavior need not be sexually explicit – "[*a*]*ny* unequal treatment of an employee *that would not occur but for the employee's gender* may, if sufficiently severe or pervasive . . . constitute a hostile environment in violation of Title VII." *Warf v. U.S. Dept. of Veterans Affairs*, 713 F.3d 874, 880 (6th Cir. 2014) (quoting *Williams v. General Motors Corp.*, 187 F.3d 553, 564 (6th Cir. 1999)) (emphasis in original).

A court must consider the totality of circumstances when determining whether the alleged harassment is sufficiently severe or pervasive to constitute a hostile work environment. *Id.* (citing *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999)). This may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance"; and the "effect on the employee's psychological well-being." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993). "[S]imple teasing, offhand comments, and isolated

incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Plaintiff bases his hostile work environment claim against Defendant on two incidents that occurred with Ms. Jones while he was employed. (Doc. No. 69). The first occurred on September 18, 2014. Plaintiff alleges Ms. Jones held a meeting with the sixth-grade teachers to discuss a new data reporting system, became angry with Plaintiff during the meeting, and talked to him in a demeaning and unprofessional manner in front of his peers. (*Id.*). After the meeting, Plaintiff alleges Ms. Jones called him into her office and continued to demean and humiliate Plaintiff. (*Id.*). Plaintiff states he was traumatized by the incident and filed a written complaint with Ms. Cox. (*Id.*). Despite this, Plaintiff alleges Ms. Cox refused to meet with him regarding the incident, did not reprimand Ms. Jones for her actions, and denied Plaintiff's request to step down from his team leadership role and change instructional coaches to minimize his interactions with Ms. Jones. (*Id.*).

The second incident occurred on March 30, 2015. (Doc. No. 69). Plaintiff alleges he confiscated a school basketball jacket from a student wearing it in the hall in violation of the dress code. (*Id.*). Plaintiff states Ms. Jones also saw the student and his friend in the hall, and told them to return to their classes. (*Id.*). She then asked Mr. Carr for the jacket because the student's mother was in the office and she told Plaintiff she would handle the situation with the mother. (*Id.*). Plaintiff alleges he later discovered the student's mother was never in the office and Ms. Jones had lied about returning the jacket to her and informing her of her son's dress code violation. (*Id.*).

In addition to these two incidents, Plaintiff alleges generally that Ms. Jones's "attitude toward him continued throughout the duration of his employment at MAMP." (Doc. No. 69). Plaintiff states the comments Ms. Jones made to him and about him "created an environment where Plaintiff was scared for his career and employment future." (*Id.*).

Even viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to establish a hostile work environment claim against Defendant. As an initial matter, Plaintiff's general allegations regarding Ms. Jones's attitude and the comments she made towards him are insufficiently vague to survive Defendant's motion for summary judgment. With respect to the two specific incidents Plaintiff alleges occurred with Ms. Jones, although perhaps unprofessional, these isolated incidents do not rise to the level of being sufficiently severe or pervasive workplace harassment. *See Faragher,* 524 U.S. at 788; *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 707 (6th Cir. 2007) (holding that "fifteen specific incidents spanning a two-year period . . . were isolated and were not pervasive"); *Clark v. United Parcel Service, Inc.*, 400 F.3d 341, 351 (6th Cir. 2005) (holding that three relatively isolated incidents over a period of approximately two and a half years were insufficient to support a claim of a hostile work environment); *Burnett v. Tyco Corp.*, 203 F.3d 980, 985 (6th Cir. 2000) (holding that "under the totality of circumstances, a single battery coupled with two merely offensive remarks over a six-month period does not create an issue of material fact as to whether the conduct alleged was sufficiently severe to create a hostile work environment").

Additionally, Plaintiff has not shown that the two incidents with Ms. Jones involved an anti-male bias. Ms. Jones's conduct may have been unprofessional, and Plaintiff may have felt subjected to ridicule and mistreatment, but Plaintiff has not shown this treatment was *because of* his gender. *See Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000) ("[Plaintiff], while alleging that [Defendant] tormented him personally, has not shown that the non-sexual harassment had an anti-male bias. In Title VII actions . . . it is important to distinguish between harassment and discriminatory harassment in order to 'ensure that Title VII does not become a

general civility code.'"). For these reasons, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's hostile work environment claim.

C. **Retaliation**

To establish a *prima facie* case of Title VII retaliation, Plaintiff must establish that: (1) he engaged in protected activity; (2) the exercise of his civil rights was known to Defendant; (3) Defendant took an employment action adverse to the Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Warf v. U.S. Dept. of Veterans Affairs*, 713 F.3d 874, 880 (6th Cir. 2014).

Plaintiff claims Defendant retaliated against him for seeking assistance from Ms. Cox to resolve his conflict(s) with Ms. Jones. (Doc. No. 69). Specifically, Plaintiff alleges Defendant did not renew his one year teaching contract at the end of the 2014-15 school year after he submitted a written complaint to Ms. Cox and engaged in discussions with her regarding issues he was experiencing with Ms. Jones. (*Id.*).

Defendant does not appear to dispute the first two elements of a *prima facie* case of retaliation. Instead, Defendant argues primarily that Plaintiff cannot establish a causal connection between his claimed protected activity and the non-renewal of his contract. To establish a causal connection, Plaintiff must show his protected activity was the "but-for" cause of the alleged adverse employment action. *Armstrong v. Tennessee Education Lottery Corp.*, 219 F. Supp. 3d 708, 718 (M.D. Tenn. 2016). "Temporal proximity can establish a causal connection between the protected activity and the unlawful employment action in the retaliation context." *Asmo v. Keane, Inc.*, 471 F.3d 588, 593 (6th Cir. 2006); *DiCarlo v. Potter,* 358 F.3d 408, 421 (6th Cir.2004) ("[I]n certain distinct cases where the temporal proximity between the protected activity and the adverse

employment action is acutely near in time, that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise").

Defendant argues Plaintiff "has comingled two separate events" with respect to the non-renewal of his contract. (Doc. 75). Defendant argues, and the undisputed facts support, that after Defendant made complaints about Ms. Jones, he met with Ms. Cox, Ms. Bryant, and Ms. Jones on April 17, 2015, to discuss these complaints and was told he was not being fired from MAMP but should seek another position at another school. (*Id.*; Doc. No. 70 at 24). It was not until Plaintiff was absent from school from April 20, 2015 through May 28, 2015, without a valid excuse that Ms. Cox made the decision to non-renew Plaintiff's contract. (Doc. No. 63). Otherwise, Defendant contends, Plaintiff would have been eligible to transfer to another Metro Nashville Public School, which would not be an adverse action. (*Id.*).

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to establish a *prima facie* case of retaliation. Specifically, Plaintiff has failed to show a sufficient causal connection between complaining to Ms. Cox about his issues with Ms. Jones and his contract not being renewed at the end of the school year. To the contrary, the undisputed facts establish Plaintiff was not terminated or non-renewed from his teaching position following his complaints about Ms. Jones and what culminated in the April 15, 2015 meeting, but instead was asked to find a position at a different MNPS school. Plaintiff was only non-renewed by Ms. Cox when he failed to show up at school for over a month without informing Ms. Cox he required an extended absence from work or complying with the company FMLA leave policy.

Even if Plaintiff was able to establish a *prima facie* case of retaliation, his retaliation claim still fails because Defendant has offered a legitimate, non-discriminatory reason for not renewing Plaintiff's contract – specifically, that Plaintiff was absent from school from April 20, 2015,

through May 28, 2015, without a valid excuse in violation of MNPS policy. Under the *McDonnell Douglas* framework, once Defendant has offered a legitimate non-discriminatory basis for an adverse action, the burden shifts back to Plaintiff to show Defendant's reason is a pretext for unlawful discrimination. Plaintiff, however, presents no evidence to challenge Defendant's proffered reason for non-renewing Plaintiff's contract. For these reasons, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's retaliation claim.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE